UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | | |
|---|---|---|
| ELIAS MAKERE, FSA, MAAA | ) | |
| Plaintiff | ) | <u>Case No (LT)</u><br>**3:20-cv-00905-MMH-JRK** |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| Defendant | ) | |

# PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, ELIAS MAKERE, on this 7th day of May 2021, respectfully asks this Honorable Court for permission to attach his five (5) Title VII counts to the operative complaint in this case – captioned *"Amended Complaint (Verified)"* (filed on 3/1/21; Doc No 46) (hereinafter **"This Complaint"**).

Key Points:

| | | |
|---|---|---|
| A.) Grounds | equitable tolling |
| B.) Points | no harm, no delay, good faith, good cause |
| C.) Prompt | motion taken upon Magistrate Toomey's 4/12/21 Order |

Table of Contents:

Context  3rd Page
Motion  4th Page
Certificates  16th Page
Affidavits  18th Page



| | |
|---|---|
| **Background:** | Plaintiff's Title VII charges rested with the EEOC |
| **Problem:** | EEOC did not notify Plaintiff until 7 months into this case |
| **Request:** | Court attaches Plaintiff's Title VII charges to this case |

**Rule 15(a) | Fed. R. Civ. P. | Amendments Before Trial**
*"(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

**Rule 16(b) | Fed. R. Civ. P. | Scheduling**
*"(4) Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent."*

**Foman v Davis, 371 US 178 (1962 | US Supreme Court Mandate**
*"In the absence of any apparent or declared reason... the leave sought should, as the rules require, be 'freely given.'"*

<u>Precedence</u>

- 8:20-cv-02533-KKM-TGW    - USFLMD (1/25/21)
- 8:20-cv-02311-VMC-AEP    - USFLMD (2/11/21)
- 8:20-cv-02602-KKM-AAS    - USFLMD (4/6/21)

USFLMD recently granted motions for leave to amend a pleading

<u>Abbreviations</u>

| | | |
|---|---|---|
| [C###] | - | Paragraph ### from That Complaint |
| [M###] | - | Paragraph ### from The Memo[1/] |
| EEOC | - | Equal Employment Opportunity Commission |
| FCHR | - | Florida Commission on Human Relations |
| FS | - | Florida Statute |
| USFLMD | - | US District Court, Florida, Middle District |

## MOTION

I. **Procedural History**

1. On April 10, 2019, Plaintiff dual-filed his employment discrimination complaint with the FCHR and the EEOC. Pursuant to the Workshare Agreement (29 CFR §1626.10), the FCHR took the lead.

2. October 7, 2019 marked the close of the 180-day statutory window (see §760.11(3) FS), yet the FCHR failed to enter a determination. Moreover, the agency failed to send Plaintiff his Election of Rights form (as it had previously promised). So, after much effort (calls, emails, formal motions, state actions, administrative relinquishments, writs, etc.), Plaintiff had to proceed with what he had. Please see **[M001]-[M006]** for more details (especially the 'Phantom Notice').

3. On August 12, 2020, Plaintiff initiated this lawsuit; suing Defendant under both federal and state law (42 USC §1981, §760 FS).

4. On October 27, 2020, the parties filed their case management report. Which donned a 'motion to amend pleadings' date of November 2, 2020.

5. On January 14, 2021, this Honorable Court stayed discovery.

6. A few weeks later – on February 8, 2021 – this Honorable Court struck Plaintiff's state charges (based on a calculation of the 180-day window)[2/], and ordered him to amend his complaint.

7. On March 1, 2021, Plaintiff obliged; filing This Complaint.[3/]

8. Just eight days after that, though (March 9, 2021), Plaintiff also filed his "Verified Complaint" (hereinafter **"That Complaint"**) in this very same court. At first glance, it may seem odd for This Complaint and That Complaint to be filed almost simultaneously. But at second glance, it becomes clear why (please see 'The Memo').

    a) On-or-around March 12, 2021, Plaintiff supplemented That Complaint with "*Plaintiff's Memorandum of Law Regarding Equitable Tolling on [That Complaint]*" (hereinafter "**The Memo**").

        i. Note: Both The Memo and That Complaint have been housed under 3:21-cv-00242-MMH-JBT.

    b) On that same day (3/12/21), Defendant moved this Honorable Court to dismiss This Complaint (making no mention of That Complaint).

9. As told in The Memo, This Complaint and That Complaint are identical in intent and fact (the only difference is that This Complaint contains §1981 charges, while That Complaint contains Title VII charges).

## II. Substantive Facts

10. Both complaints have a section titled "VI. Statement of the Facts". The 117 paragraphs contained therein are a 99% match for one another. They detail how Defendant subjected Plaintiff to a host of harassment and discrimination. Acts which included – but were not limited to:

    a) Unwanted date requests **[C012]-[C014][C041]**;

    b) Racist Dolls **[C025c]**, Racist Characterizations **[C024][C025d]**;

    c) Cursing at Plaintiff for buying a condolence card **[C025e]**;

    d) Death threats **[C029]**;

    e) Disparate pay **[C025a]** (ASA salary);

    f) Disparate privileges **[C027][C071][C072]** (work-from-home);

    g) Disparate Treatment **[C037]** (only employee forced to pay $1,025);

    h) Discriminatory termination **[C043][C044][C054]**;

    i) Discriminatory replacement **[C046]**;

    j) Retaliatory harassment/obstruction **[C053-C085]**;

    k) Financial/Professional retaliation **[C105]-[C115]**; and

    l) Death threats, surveillance, lethal attacks **[C086]-[C104]**.

11. Most pertinently, both complaints have a section titled "VII. Ultimate Facts"; which contains the following five statements (word-for-word):

    a) *"It is indisputable that Defendant only fired the black man who failed an actuarial exam."* **[C125]**

    b) *"It is also indisputable that Defendant knew that Plaintiff exercised his civil rights."* **[C126]**

    c) *"It is also indisputable that Plaintiff suffered more adverse acts while his legal action was still pending."* **[C127]**

    d) *"It is also indisputable that Defendant was tied to these adverse acts."* **[C128]**

    e) *"Lastly, it is also indisputable that all throughout its retaliatory campaign, Defendant replaced Plaintiff with employees with far less qualifications while keeping others who also failed actuarial exams."* **[C129]**

### III. <u>Legal Analysis</u>

12. That Complaint did not add any substantive facts. Thus, the subject matter between the two complaints is identical.

    a) Also – and for the sake of judicial economy – since The Memo details the procedural circumstances befitting equitable tolling, Plaintiff will not restate them here.

13. Moreover, Plaintiff hereby asserts that he does not anticipate further amendments to this case (save for Court order or the discovery of new evidence) (see the **<u>Affidavit</u>**).

14. Therefore, all of the pieces to the puzzle are on the table. It is now time to put them all together.

## IV. **Standard of Review**

15. Pleading amendments are governed by Rule 15(a) Fed. R. Civ. P.

16. Valuably, that rule dictates that leave to file an amended pleading "*shall be freely given when justice so requires.*"

> "*This policy is to be applied with extreme liberality.*"
>
> - <u>Usery v Marquette</u>, *568 F. 2d 902, 908 (2nd Cir. 1977))*

17. This liberality - as the Ninth Circuit puts it - must be consistent with the underlying purpose of Rule 15 Fed. R. Civ. P.:

> "*In [reviewing leaves to amend] a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits, rather than on the pleadings or technicalities.*"
>
> - <u>United States v Webb</u>, *655 F.2d 977, 979 (9th Cir. 1981))*

18. Furthermore, appellate courts direct district courts to weigh several factors (sometimes referred to as Foman Factors) when evaluating motions to amend (emphasis added):

> "*In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc - the leave sought should, as the rules require, be "freely given.""*
>
> - <u>Foman v. Davis</u>, *371 U.S. 178, 182 (1962)*

19. In a nutshell, the US Supreme Court "*mandates*" that the standard of review (on a motion for leave to amend a pleading) encompasses:

   a) checking whether undue delay was at play;

   b) checking whether the movant acted in bad faith;

   c) checking whether the movant has a dilatory motive;

   d) guarding against repeated failures to cure pleading deficiencies;

   e) protecting the non-movant from prejudice; and

   f) guarding against the futility of amendment.

   All six elements are in Plaintiff's favor, as follows.

a. <u>Undue Delay</u>

20. Plaintiff, in the instant matter, has not delayed amendment.

21. As soon as he received his **Right to Sue Letter** from the EEOC Plaintiff filed Title VII charges on Defendant. He did so on the **same day** (**[C007]**).

22. And although That Complaint landed 7 months into this proceeding, the time gap was not undue. To the contrary, it was due – specifically – to the FCHR's (a) lack of timeliness; and (b) decision to mail Plaintiff's papers to the wrong person. Please see **[M004]-[M010]**.

23. As described in The Memo, this episode is ripe for equitable tolling:

   > "*Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.*"
   >
   > – <u>Machules v. Dept of Admin</u>, 523 So. 2d 1132 (Fla. 1988)

24. In short, Plaintiff filed That Complaint as soon as he could, yet the wait was out of his control.

b. Bad Faith

25. Secondly, Plaintiff has not acted in bad faith. In fact, he has done the opposite.

26. Since the outset of this case, Plaintiff has been putting forth his best efforts to quickly attach his Title VII charges (**Affidavit**). He did so in every way he knew how (see ¶2 *supra;* see **[M005]-[M010]**).

27. Thus, Plaintiff hereby states in the affirmative that he has never acted in bad faith on this case. This affirmation is supported by the fact that neither Defendant nor anyone else has alleged otherwise.

28. Now that the second piece to the permission puzzle is in place, it is time to move onto the third.

c. Dilatory Motive

29. Plaintiff does not want to delay the final disposition of this case. Instead, Plaintiff wants justice as quickly as possible (**Affidavit**).

30. More importantly, perhaps, is the recognition that attachment of Plaintiff's Title VII charges will not prolong final determination.

31. This is because Title VII cases (That Complaint) are adjudicated the same way that §1981 cases are (This Complaint) (highlights added):

> *"In a Title VII case, a [plaintiff] makes out a prima facie case... by establishing... see McDonnel Douglas Corp. v Green, 411 US 792..."*
>
> "..."
>
> *"The McDonnel Douglas standard for a prima facie case is [also] applicable in employment discrimination suits brought under 42 USC §1981."*
>
> — Sledge v Goodyear, 275 F.3d 1014 (11th Cir. 2001)

32. So, by virtue of using the same framework, the same fact patterns will be needed in discovery. Thereby eliminating any notion that amendment could have a causative effect on the duration of this case.

33. Thus, prong three is satisfied.

d. Previous Pleading Deficiencies

34. Given that This Complaint and That Complaint are identical (see ¶9-13), Plaintiff contends that this is the first amendment.

35. But-for state government improprieties ([M001]-[M010]), Plaintiff's Title VII charges would have already been on the docket. In other words, That Complaint would have never been separate.

36. Speaking of the docket, it may be inferred that This Complaint was Plaintiff's "Second Amended Complaint". A closer look, however, reveals that it was indeed the first amendment.

    a) Friday, February 26, 2021 was the due date for This Complaint. And Plaintiff filed it that day. Unfortunately, though, he did not have enough time to proofread it.

    b) So, at 8:08 am on the following business day (Monday, March 1, 2021), Plaintiff submitted his proofread version; which made no changes to substantive facts or legal charges.

    c) Moreover - to this day - This Complaint is the only amendment this Honorable Court has ordered.

37. For further support, local precedence shows that USFLMD has recently allowed litigants to amend their pleadings multiple times. In <u>Ex Rel Paul v Biotronik</u>, 8:18-cv-00396-CEH-JSS, this Honorable Court let the plaintiff (which – importantly – was the US Government) to amend its pleading three times (see 1/21/21 order).

38. Certainly – and especially in light of Plaintiff's *pro se* status (see <u>Boxer X v Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006)) – granting Plaintiff permission to amend his complaint for the *first time* would not infringe upon the need to guard against multiple amendment attempts.

### e. Prejudice

39. Plaintiff contends that it is easy to see that Defendant would not be harmed by amendment; for three reasons.

40. One, Plaintiff hereby states in the affirmative that Defendant could not be harmed by amendment.
    a) Primarily because Defendant has always been aware of Plaintiff's Title VII charges (see ¶1).
    b) Secondarily, because discovery has not been exchanged (see ¶5).

41. Secondly, Defendant has never claimed prejudice. Although the parties have exchanged emails on this topic, Defendant has never mentioned prejudice.

43. Third, and perhaps most importantly, courts have held that adding counts from identical facts (ie, This Complaint and That Complaint) will not confer prejudice onto the non-movant (highlights added):

> *"[the additional count] arises out of the same subject matter as the original complaint. Therefore, [defendant] has been on notice of its potential liability since the commencement of this action. Accordingly, [plaintiff]'s motion to amend is granted and the Amended Complaint will serve as the basis for analysis of [defendant]'s motion to dismiss"*

- *Computer Associates v Computer Automation*, 678 F.Supp. 414 (1987)

44. Thus, this important fifth piece to the puzzle is in place.

### f. Futility

45. Last but not least, amendment will not prove futile.

46. For starters - and as established by Computer Associates - the combination of This Complaint and That Complaint would form the basis for analysis on any potential motion to dismiss.

47. Secondly, futility of amendment must be examined under the scope of subject matter jurisdiction (see 27A Federal Procedure, L. Ed. §62:286). As is well understood, this Court has jurisdiction over Title VII complaints.

48. Plus, as the Second Circuit held, claims of futility which rest on the presentation of facts get defeated (highlights added):

> *"But where, as here, the alleged futility of the amendment rests on findings of fact we prefer to let the district court resolve the factual issues. If the documents referred to by [defendant] are as decisive as it claims, a question on which we express no opinion, the only prejudice it suffers from allowing [plaintiff] to amend is the inconvenience and expense of submitting these documents in support of a motion for summary judgment. This burden, or the burden of undertaking discovery, which [defendant] would have shouldered had the proposed amendment been incorporated in the complaint as originally filed, hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits."*

- <u>SS Silberblatt v. East Harlem</u>, 608 F.2d 28, 42 (2d Cir. 1979)

49. So, Defendant's current motion to dismiss (see ¶8b) – which rests on an evidentiary standard (see Doc No 49, Page 7) – cannot sustain any potential proffers of futility on Plaintiff's motion for leave to amend.

50. Therefore, Plaintiff has successfully placed the sixth piece of the puzzle; thereby painting a clear portrait in favor of permitting amendment.

Good Cause

51. Yet, Plaintiff will take it one step further (and mint those puzzle pieces with a bonding finish).

52. Given that this proposed amendment will land after the prescribed deadline for amendments (¶4), Plaintiff will hereby show that he has good cause for making this request.

53. Rule 16(b)(3) Fed. R. Civ. P. requires the issuance of a scheduling order that limits the time to amend pleadings. Once entered, such an order "*may be modified only for good cause and with the judge's consent.*" (see 16(b)(4) Fed. R. Civ. P.) (highlights added).

> *"In such cases, where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline... a finding of "good cause" depends on the diligence of the moving party."*
>
> - <u>Parker v. Columbia Pictures</u>, *204 F.3d 326 (2d Cir. 2000)*

54. Plaintiff proffers the foregoing as an illustration of his exhaustive efforts (please see **[M004]-[M010]**, ¶21-24). He, unfortunately, was up against two formidable beasts: state government (specifically, the FCHR); and the exigent circumstances caused by the COVID19 pandemic.

55. Immediately upon receiving the bare necessities, though, Plaintiff brought That Complaint to this Court's attention. All he asks, now, is for this honorable tribunal to place This Complaint and That Complaint onto the tortured jigsaw puzzle before us; thereby making it whole.

## CONFERRAL

On May 3, 2021, Defendant told Plaintiff that it opposed this motion; indicating that it believed this request was futile (and possibly not viable).

Although Plaintiff did not have a wealth of [motion-to-amend] knowledge at the time, he believed Defendant's objections missed on basic fairness. Upon subsequent research, Plaintiff feels more confident in this request.

Nevertheless, pursuant to Local Rule 3.01(g)(3) (*Duty to Confer in Good Faith*), Plaintiff will continue conferring with Defendant in an effort to reduce this Court's intervention.

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks this Honorable Court to please grant him permission to attach his Title VII charges (from Case Number 3:21-cv-00242-MMH-JBT) to the operative complaint in this case (filed on 3/1/21). Plaintiff also asks for oral argument - to help clarify any matters this Court deems worthy.

Dated this 7th day of May 2021.

Respectfully submitted,

/s/ Elias Makere
**ELIAS MAKERE, FSA, MAAA,** Plaintiff
3709 San Pablo Rd. S # 701
Jacksonville, FL 32224
P: (904) 294-0026
E: justice.actuarial@gmail.com
W: TextBookDiscrimination.com
    Get *Booked Up* on Justice!

## CERTIFICATE OF COMPLIANCE

I certify that the size and style of type used in this document is Times New Roman 14-point Font (caption) and Courier New 12-point Font (contents); thus complying with the font requirements of Local Rule 1.05(a).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May 2021, I electronically filed the foregoing with the Clerk of Courts by using its online filing page. I also emailed it to the attached service list.

/s/ **Elias Makere**

Endnotes:

1/ 'The Memo' = "*Plaintiff's Memorandum of Law Regarding Equitable Tolling on Plaintiff's Verified Complaint*" (3:21-cv-00242-MMH-JBT; ≈ 3/9/21)

2/ Plaintiff objected (please see Doc No. 43; 2/22/21). Plaintiff also appealed (Doc No. 47; 3/11/21). On April 9, 2021, the 11th Circuit Court of Appeals placed Plaintiff's appeal in abatement pending resolution of Plaintiff's objection.

3/ 'This Complaint' (filed at 8:08 am 3/1/21) was the proofread version of the timely amended complaint (filed the preceding business day at 11:59pm). They were virtually identical (no substantive changes whatsoever).

## SERVICE LIST

Kimberly J. Doud, Esquire (0523771)
Heather A. Johnson, Esquire (*pro hac vice*)
Michele A. Ramos, Esquire (1008119)

E: kdoud@littler.com
E: hajohnson@littler.com
E: mramos@littler.com
P: 407.393.2900
F: 407.393.2929

Littler Mendleson, PC
111 North Orange Avenue, Suite 1750
Orlando, FL 32801-2366

*(defendant's trial lawyers)*