UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIAS MAKERE, FSA, MAAA

      Plaintiff,

v().  Case No. 3:20-cv-905-MMH-JRK

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

ELIAS MAKERE, FSA,

      Plaintiff,

v.  Case No. 3:20-cv-921-MMH-JRK

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

ELIAS MAKERE,

      Plaintiff,

v.  Case No. 3:20-cv-922-MMH-JRK

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

## **O R D E R**

This cause is before the Court on Plaintiff's Motion for Judicial Notice of Defendant's Official Position Statement to the Florida Commission on Human

Relations and Plaintiff's Motion for Judicial Notice of Plaintiff's Unchanged Mailing Address (Doc. Nos. 54 and 55; "Motions"), filed May 27, 2021 and May 28, 2021, respectively. Defendant responded in opposition to the Motions. See Defendant's Response in Opposition to Plaintiff's Motion for Judicial Notice of Defendant's Official Position Statement to the Florida Commission on Human Relations and Defendant's Response in Opposition to Plaintiff's Motion for Judicial Notice of Plaintiff's Unchanged Mailing Address (Doc. Nos. 57 and 58), filed June 9, 2021 and June 11, 2021, respectively.

At any stage of a proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(d). The United States Court of Appeals for the Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Id.

Here, Plaintiff requests that the Court take judicial notice of 1) "the official position statement that Defendant . . . sent to the Florida Commission on Human Relations at the outset of this legal action" and 2) "the three postal letters which show that Plaintiff's mailing address has never changed." Motions at 1. Upon review of the filings, the Motions are due to be denied. Regarding Plaintiff's unchanged address, this information is not the "kind[] of things about which courts ordinarily take judicial notice" and judicial notice should be employed sparingly. Shahar, 120 F.3d at 214.

Additionally, for a court to judicially notice a fact, it must not be subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The parties clearly dispute the matters set forth in Defendant's position statement to the Florida Commission on Human Relations. The statement is therefore subject to reasonable dispute, and the Court declines to take judicial notice of it. The Court notes that simultaneous with this Order, an Order is being entered that permits Plaintiff to amend his Complaint. If Plaintiff wants either or both of these matters considered, he may allege facts as part of his amended filing and/or attach the position statement.

Accordingly, it is

**ORDERED**:

Plaintiff's Motion for Judicial Notice of Defendant's Official Position Statement to the Florida Commission on Human Relations and Plaintiff's Motion for Judicial Notice of Plaintiff's Unchanged Mailing Address (Doc. Nos. 54 and 55) are **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on October 13, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keh
Copies to:
Counsel of Record
Pro se Party