# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ELIAS MAKERE, FSA, MAAA

    Plaintiff,

v.   Case No. 3:20-cv-905-MMH-JRK

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

ELIAS MAKERE, FSA,

    Plaintiff,

v.   Case No. 3:20-cv-921-MMH-JRK

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

ELIAS MAKERE,

    Plaintiff,

v.   Case No. 3:20-cv-922-MMH-JRK

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

## O R D E R

This cause is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 51), filed May 10, 2021. Plaintiff filed an Affidavit in

support of the Motion. See Plaintiff's Affidavit (Doc. No. 52), filed May 10, 2021. Defendant responded in opposition on May 21, 2021. See Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Supporting Memorandum of Law (Doc. No. 53). The Motion was prompted by an Order (Doc. No. 6) entered on April 12, 2021 by the Honorable Joel B. Toomey, United States Magistrate Judge, in Case No. 3:21-cv-242-MMH-JBT (M.D. Fla.), directing Plaintiff to request leave to amend in this case if he wished to pursue his Title VII claims.

Motions to amend pleadings before trial are generally governed by Rule 15(a)(2), Federal Rules of Civil Procedure, which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (alteration omitted) (quoting Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003)); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." Cockrell v.

Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citation omitted); see also Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

Upon review of the parties' filings, the undersigned finds that Defendant's arguments opposing amendment (regarding Plaintiff's claims being time-barred; res judicata and collateral estoppel; and failure to state a claim) are better addressed in a procedural posture of a dispositive motion and response. Accordingly, for this reason and given the previous direction in the April 12, 2021 Order, Plaintiff will be provided one final opportunity to amend his Complaint. Plaintiff is cautioned, however, that absent extraordinary circumstances, Plaintiff is unlikely to be granted future amendments. Plaintiff therefore should include <u>all claims</u> and factual allegations he wishes for the Court to consider in his Third Amended Complaint. Based on the foregoing, Defendant's Dispositive Motion to Dismiss Plaintiff's Amended Complaint and Second Amended Complaint with Prejudice, and Memorandum of Law in Support Thereof (Doc. No. 49), filed March 12, 2021, is due to be denied as moot. Accordingly, it is

**ORDERED**:

1.     Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 51) is **GRANTED**.

2.     Plaintiff shall have up to and including **November 5, 2021** to file his Third Amended Complaint.

3. Defendant shall respond to the Third Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

4. Defendant's Dispositive Motion to Dismiss Plaintiff's Amended Complaint and Second Amended Complaint with Prejudice, and Memorandum of Law in Support Thereof (Doc. No. 49) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida on October 13, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keh
Copies to:
Counsel of Record
Pro se Party