**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ELIAS MAKERE, FSA, MAA,

    Plaintiff,

v.                                          Case No.   3:20-cv-905-MMH-JRK

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____

ELIAS MAKERE, FSA,

    Plaintiff,

v.                                          Case No.   3:20-cv-921-MMH-JRK

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____

ELIAS MAKERE,

    Plaintiff,

v.                                          Case No.   3:20-cv-922-MMH-JRK

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion in Limine (Doc. 60; Motion) filed on June 17, 2021. In the Motion, Plaintiff asks the Court to exclude "from this proceeding" the April 18, 2019 order entered in the administrative proceedings prior to this lawsuit (the ALJ Order). See Motion at 1, 12. Upon review, the Court will deny the Motion without prejudice as premature.

"Courts use the term 'motion in limine' to refer to a motion to exclude or admit anticipated 'evidence before the evidence is actually offered.'" See Whidden v. Roberts, 334 F.R.D. 321, 323 (N.D. Fla. Jan. 28, 2020) (quoting Luce v. United States, 469 U.S. 38, 40 n.2 (1984)). The purpose of such a motion is to "afford[] a trial court an opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Id. (emphasis added) (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)). Thus, "[a] party generally should file a motion in limine only when a trial is imminent." Id. (emphasis added). Here, Plaintiff requests an order excluding the ALJ Order from this proceeding in its entirety—both at trial and in "all oral/written motions." See Motion at 1, 12. This is not the proper use of a motion in limine. To the extent Plaintiff objects to Defendant's reliance on the ALJ Order in any dispositive motions, the proper means of raising that

- 2 -

objection is in his response to the subject motion. See, e.g., Advisory Committee's Notes on 2010 Amendment to Rule 56(c)(2), Federal Rules of Civil Procedure (Rule(s)) (explaining that there is no need to file a separate motion when objecting to the admissibility of evidence cited in summary judgment briefing). After the Court has resolved all dispositive motions, if issues for trial remain and Plaintiff continues to object to the use of the ALJ Order at trial, then Plaintiff may renew his motion in limine at that time. See Whidden, 334 F.R.D. at 324 ("Plaintiff should not file another motion in limine at least until all dispositive motions have been adjudicated by this court.").

In light of the foregoing, it is

**ORDERED:**

Plaintiff's Motion in Limine (Doc. 60) is **DENIED without prejudice** to renewal at the appropriate time following resolution of any dispositive motions.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of November, 2021.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party